PROB 12A
(Revised 05/2011)

# United States District Court
## for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: Kaylon Cunningham     Case Number: 3:10-00209

Name of Sentencing Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: May 9, 2012

Original Offense: 18 U.S.C. § 924(a)(1)(A) Making a False Written Statement and Representation in Connection With the Acquisition of a Firearm

Original Sentence: 5 years' probation

Type of Supervision: Probation     Date Supervision Commenced: May 9, 2012

Assistant U.S. Attorney: Joseph P. Montminy     Defense Attorney: Sumter L. Camp

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this 10th day of April, 2017,
and made a part of the records in the above case.

Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

James Foster
U.S. Probation Officer

Place     Nashville, Tennessee

Date      April 10, 2017

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|

1. **The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the costs if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment..**

   On March 28, 2017, Mr. Cunningham admitted that he had stopped attending outpatient mental health counseling and taking his prescribed psychotropic medications a few months earlier.

2. **The defendant shall not leave the judicial district without the permission of the Court or probation officer.**

   On March 28, 2017, Mr. Cunningham admitted to having traveled outside of the Middle District of Tennessee between approximately March 24 and March 27, 2017, without the permission of the probation officer.

   Because of the confusing and contradictory nature of the following information reported by Mr. Cunningham concerning his out-of-district travel, perhaps due to Mr. Cunningham's significant mental health issues, the probation officer has not been able to determine precisely where Mr. Cunningham traveled. On the evening of March 25, 2017, when telephonically contacted by probation officer, Mr. Cunningham reported he was in Orlando, Florida, where he had recently concluded an internship with the National Aeronautics and Space Administration (NASA). The probation officer directed Mr. Cunningham to report to the probation office on the morning of March 27, 2017. When Mr. Cunningham ultimately reported to the Probation Office on March 28, 2017, he denied having traveled to Florida or had any dealings with NASA. Instead, Mr. Cunningham reported he had traveled with several friends to Birmingham, Alabama, where he attended an internship fair which he had read about on a bulletin board at Middle Tennessee State University. When asked why he had originally claimed to be in Orlando, and why he mentioned NASA, Mr. Cunningham stated that the NASA internship was one of several that he had learned about at the internship fair, and he was scared and confused when he was initially contacted by the probation officer. Later during the same conversation with the probation officer, Mr. Cunningham claimed that he had actually traveled to an internship fair in Huntsville, Alabama, and attributed his earlier comments about Orlando and Birmingham to confusion.

3. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

   Mr. Cunningham was questioned by officers of the Murfreesboro Police department in mid-March 2017, but failed to advise the probation officer of that law enforcement contact until March 28, 2017.

   The following information was provided by Mr. Cunningham. In mid-March 2017, Mr. Cunningham's parked vehicle was struck by a vehicle driven by Monique Wilburn, a resident of his apartment complex. Ms. Wilburn reportedly offered to write a check to

Mr. Cunningham to pay for possible damages, in order that neither party would involve police or insurance companies. After Ms. Wilburn's check bounced when he tried to cash it, Mr. Cunningham addressed the matter with Ms. Wilburn in the parking lot of their apartment complex, where she reportedly assaulted him in view of several witnesses. Ms. Wilburn is then alleged to have called police and claimed that Mr. Cunningham had threatened her. Police subsequently arrived at the scene, interviewed several witnesses, determined that Mr. Cunningham was not at fault, and charged Ms. Wilburn with Assault and Check Fraud. On March 20, 2017, police served Mr. Cunningham with a subpoena to testify against Ms. Wilburn in Rutherford County General Sessions Court on May 15, 2017.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Kaylon Cunningham began his term of probation on May 9, 2012, and is currently scheduled to complete his term on May 8, 2017. He resides with several roommates at an apartment in Murfreesboro, Tennessee, where he attends classes at Middle Tennessee State University. Mr. Cunningham is employed at the Amazon.com Fulfillment Center, in Murfreesboro.

Historically, Mr. Cunningham has been diagnosed as suffering from Major Depressive Disorder, Post-traumatic Stress Disorder, and Schizotypal Personality Disorder. The probation officer's own interactions with Mr. Cunningham, and a prior mental health assessment, indicate that he appears to periodically experience dissociative states wherein he is unaware of his whereabouts or circumstances. Mr. Cunningham's recollection of events, and his orientation to time and place, have at times appeared significantly impaired. Mr. Cunningham's presentation has somewhat improved when he takes prescribed psychotropic medication, but he has displayed recurrent noncompliance with medication throughout his term of probation. The probation office has repeatedly referred Mr. Cunningham to attend mental health treatment services at the Guidance Center, in Murfreesboro. Typically, Mr. Cunningham has complied with mental health treatment and taken prescribed medications for several months at a time, but eventually stops taking his medications or attending treatment appointments altogether. Mr. Cunningham has regularly admitted that he dislikes his prescribed medications because they make him feel somewhat lethargic. Consequently, he has stopped taking his medications because he desires more energy for work and school. Unfortunately, his discontinuation of medication normally leads Mr. Cunningham to experience the mental health symptoms described earlier in this report. Mr. Cunnngham's periodic treatment noncompliance, and the resultant mental health symptoms he experiences, appear to have played a role in several instances of probation noncompliance which were reported to the Court in earlier petitions.

Following the discovery of the noncompliant behaviors noted in Violations No. 1 and 2 of this report, the probation officer referred Mr. Cunningham to return to the Guidance Center for mental health treatment services, and explained to him the importance of medication compliance. Mr. Cunningham is currently scheduled to attend his next treatment appointment on April 10, 2017. The probation officer will maintain contact with the treatment provider and recommend that Mr. Cunningham be referred to any additional community resources which could potentially assist in his ongoing mental health treatment.

**U.S. Probation Officer Recommendation:**
It is the opinion of the probation officer that there is no combination of additional punitive or controlling sanctions which would, given the impending termination of his probation term, benefit Mr. Cunningham to a greater degree than continuing outpatient treatment in the community. Consequently, it is the recommendation of the Probation Office that Mr. Cunningham be allowed to continue his probation term until its schedule termination date of May 8, 2017, with the expectation that he continue to attend treatment during that period. However, the Probation Office defers to the Court's judgment and requests any guidance that the Court may provide in this matter, should the Court disagree with this recommendation.

For the reasons noted above, it is recommended that Mr. Cunningham be continued on supervision with no further action taken at this time, so he may continue to participate in ongoing treatment services. Any additional violation behavior will be reported to the Court. This matter has been reported to Assistant U.S. Attorney Joe Montminy, who is in agreement with the probation officer's recommendation.


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer